**Kathy Peace TROBOUGH, Appellant,**

v.

**Joyce FRENCH, Appellee.**

No. S–3373.

Supreme Court of Alaska.

Nov. 23, 1990.

Paul W. Waggoner, Law Offices of Paul Waggoner, Anchorage, for appellant.

Carl Fraser and Leonard T. Kelley, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

## I. INTRODUCTION

This appeal is from the trial court's order granting a new trial to Joyce French and entering sanctions against Kathy Peace Trobough and her attorney. The underlying suit is a personal injury action filed by French against Trobough after Trobough and French were involved in an automobile accident. Trobough admitted negligence, leaving only damages in dispute.

The trial court relied on four incidents hereafter described which occurred before and during trial to justify granting a new trial, finding that the "combined prejudicial effect" of these incidents required a new trial.

The first incident occurred during voir dire, when Trobough's baby was present in the courtroom crying. Counsel for French was concerned that *potential* jurors would look sympathetically on Trobough as a result and asked that the child be ordered from the courtroom. Initially the court refused, but instructed Trobough not to make contact with the baby in the presence of the panel, and to remove the child if he again cried. During later voir dire the child began to cry. At a recess, before the panel had left the courtroom, Trobough went to her husband and spoke with him. The court "believed the baby was with them at the time." The court then ordered the child to leave. After voir dire had resumed, Trobough's husband and the baby briefly entered the courtroom, but then left.

Given that Trobough had admitted liability, French sought a pre-trial protective order banning Trobough from making reference to contributory negligence. The court informed Trobough's counsel that such references would be inappropriate, but apparently did not enter an order to that effect.

During trial Trobough wanted to introduce photographs of the interior of French's automobile and a property damage release signed by French's husband. Both were excluded by the trial judge dur-

ing whispered bench conferences, without French objecting to the admissibility of either. Neither document was shown to the jury. The trial court believed this evidence irrelevant, apparently reasoning the evidence going to the degree or severity of French's damages concerned "mitigation," an "unpleaded issu[e]." However, Trobough's answer "[a]dmitted that property damage was caused," but denied that French suffered any physical injury. Indeed, in French's pre-trial brief she acknowledged that the main issue at trial would be "the dollar amount to be attributed to each measure of plaintiff's damages." The attempts to introduce this evidence constituted the second and third incidents.

In a similar vein, the court cited Trobough's reference to the results of a foot-race, the Alaska Women's Run, as supportive of its decision to grant a new trial. French testified that after the automobile accident, she had participated in this race, but that she "had to walk" and that her "neck did bother [her] that night and the next day...." French testified that she had never had problems with finishing this race before the automobile accident. However, on cross-examination French admitted that the race was ten kilometers (10K) in length and that she had completed the course in 56:20. Trobough then sought to introduce a newspaper report of the race results to the same effect. French did not object to the article's admissibility. This was the fourth incident.

The jury returned a verdict of $1,924 for physical injury and $600 for damage to French's car. In ordering a new trial, the trial court awarded costs and actual attorney fees of $12,767.15 to French, "as sanctions for occasioning the necessity of a new trial." The second trial resulted in a verdict totaling roughly $5,750.

## II. DISCUSSION

■ A trial court's order granting a motion for new trial will not be reversed unless the trial court abused its discretion. *Sebring v. Colver*, 649 P.2d 932, 934 (Alaska 1982). An abuse of discretion is established where the reviewing court is left with the definite and firm conviction on the entire record that a mistake has been made. *Id.*

■ The trial court's bases for its ruling granting the new trial are insufficient to pass even the highly deferential abuse of discretion standard of review.[1] This is true even if we accept French's suggestion, for the sake of argument, that we should look to the cumulative effect of the alleged unduly prejudicial acts.

French did not formally object to the questioned acts at the time they were committed, nor did French move for a mistrial. As a result, French waived any objections. *Heacock v. Town*, 419 P.2d 622, 623 (Alaska 1966). "This does not mean that we shall not consider plain error, even though not objected to below, which [is] so substantial as to result in injustice." *Id.* (footnote omitted). Nevertheless, we are unpersuaded that the acts questioned by the trial court in this case are so remarkable that they may have resulted in any injustice. The Women's Run race results and the property damage release were admissible evidence and are not obviously more prejudicial than probative. Alaska Evidence Rule 403. Likewise, we are not persuaded that the jury would have been so misled by mere reference to the photographs of the interior of an auto to hold French responsible, in some way, for any portion of the damage sustained when she was rear-ended by Trobough while waiting for a stoplight to change.

Finally, the presence of Trobough's baby in the courtroom during voir dire was not so obviously prejudicial as to result in plain error. The incident took place *prior* to trial and there is no indication, except for French's bald assertion that the *potential*

---

1. French initially asserts that trial court orders granting new trials can only be appealed through a petition for review under Alaska Appellate Rules 402 and 403. This assertion has no merit. *See, e.g., Sebring v. Colver*, 649 P.2d 932, 933 (Alaska 1982) (trial court order granting a motion for new trial appealed after final judgment in the second trial); *Wernberg v. Matanuska Elec. Ass'n*, 494 P.2d 790, 791–92 (Alaska 1972) (same as *Sebring*).

jurors looked "with sympathy" at the baby when he cried, that the *potential* jurors were uniquely and improperly affected by the presence of the baby.

Perceiving no unfair prejudice or injustice resulting from Trobough's actions or the actions of Trobough's counsel, we are left with the definite and firm conviction, after reviewing the entire record, that the trial court abused its discretion in granting a new trial. While the trial court's order granting French costs and attorney fees incurred for the initial trial must necessarily be vacated in light of our decision, we separately conclude, for the same reasons as those stated above, that there is no basis for the imposition of sanctions on either Trobough or her counsel.

The decision of the trial court granting French's motion for a new trial is REVERSED, the trial court's assessment of French's full costs and attorney fees against Trobough for the first trial is VACATED, and the verdict from the first trial is REINSTATED,[2] subject to determination by the trial court of French's Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial and/or Additur, based on French's claim of inadequacy of the verdict.

---

2. The trial court buttressed its determination of undue prejudice by alluding to the arguably small verdict in the first trial, as compared to the evidence of damages, as an "empirical" fact suggesting undue prejudice. The trial court stated, however, that "[r]easonable jurors could have found the total amounts requested in many of these categories to have been excessive." Additionally, it is clear from the trial court's statements that the new trial was granted for other reasons; *e.g.*, the Women's Run race results, the property damage release, the photographs and the presence of the baby in the courtroom during voir dire.

The trial court did not expressly rule on French's motions based on claimed inadequacy of the verdict, presumably believing them mooted by its granting a new trial based on the allegedly prejudicial conduct of Trobough's counsel.