*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KENISHA SMALL, TRAVIS SMALL SR., and KENISHA SMALL and TRAVIS SMALL SR., on behalf of KHANYA SMALL, a minor child, | ) ) ) ) | Supreme Court No. S-15983 Superior Court No. 4FA-13-01871 CI |
| Appellants, | ) ) | O P I N I O N |
| v. | ) ) | No. 7134 – November 25, 2016 |
| AUSTIN SAYRE, | ) ) | |
| Appellee. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Jane F. Kauvar, Judge.

Appearances: Michael J. Walleri, Gazewood & Weiner, PC, Fairbanks, for Appellants. Gregory R. Henrikson, Walker & Eakes, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Carney, Justice, not participating.]

BOLGER, Justice.

## I. INTRODUCTION

A driver and his passengers sued another driver for injuries arising from an accident. After a trial, the jury returned an award of past pain and suffering damages for the driver and past medical expenses and pain and suffering damages for one of the

passengers. The driver and passengers appeal this award, arguing that it is impermissibly inconsistent and not supported by the weight of the evidence. Because the driver and passengers failed to challenge the jury verdicts before the trial court, all of their challenges are waived, and we affirm the verdicts in full.

## II.    FACTS AND PROCEEDINGS

In November 2011 Travis Small was idling in traffic with his wife Kenisha and daughter Khanya as passengers when Austin Sayre rear-ended their car. The Smalls all went to the hospital following the accident where they were prescribed pain medication and advised to schedule follow-up appointments with a doctor. In the months and years following the accident, the Smalls sought medical treatment for a variety of issues that they claimed stemmed from the accident. Travis sought medical and chiropractic treatment for neck and back pain. And Kenisha saw over a half-dozen medical providers, including neurologists, an orthopedic surgeon, chiropractors, and physical therapists. She complained of chronic migraines and experienced pain in her upper body, neck, and left shoulder. A year after the accident, a neurosurgeon diagnosed her with a herniated disc and recommended that she undergo spinal fusion surgery. But Kenisha did not have the surgery at that time because she was pregnant, and she did not reschedule the surgery at a later date due to concerns about the cost.

In April 2013 the Smalls filed a complaint against Sayre alleging negligence and damages in excess of $100,000. Sayre ultimately conceded negligence but contested both causation and damages. He moved for partial summary judgment on the portion of the Smalls' medical expense claims that were paid by their insurer. The

trial court granted this motion, authorizing the Smalls to pursue recovery of only the medical expenses that their insurer had not paid.[1]

The Smalls proceeded to a jury trial on their remaining claims in April 2015. The jury issued three special verdicts, finding that Sayre's negligence was a "substantial factor" in causing injury to Kenisha and Travis but not to Khanya. The jury awarded Kenisha $2,000 in past economic damages (for medical expenses or lost wages) and $4,000 in past non-economic damages (for pain and suffering, loss of enjoyment of life, physical impairment, or inconvenience) but did not award any future economic or non-economic damages. Travis was awarded $4,000 in past non-economic damages but was not awarded past economic damages or any future damages. Before the jury announced the verdicts, the parties' lawyers and the judge briefly discussed whether an award of pain and suffering without medical expenses would be an inconsistent verdict, but the court issued no clear ruling. The Smalls made no motion to disturb the jury verdict in the proceedings before the trial court, either by moving for a judgment notwithstanding the verdict or for a new trial.

The Smalls now appeal the jury verdicts with respect to Travis and Kenisha. They take issue with two aspects of the verdicts: (1) the jury's failure to award Kenisha damages for future medical expenses to cover the cost of future surgery and (2) the jury's failure to award Travis damages for past medical expenses. The Smalls claim that both of these awards are "impermissibly inconsistent" and "contrary to the weight of the evidence." Sayre argues that both of these challenges are waived because the Smalls did

---

[1]    The Smalls' insurer paid a portion of their medical expenses and sought reimbursement from Sayre. Accordingly, it directed them to not "pursue the right to collect" that money from Sayre on their own behalf. *See Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999) (holding that a "subrogated claim belongs to the insurer," giving it the right to "determine that [its] claim should not be pursued").

not raise a claim of inconsistency before the jury was dismissed and did not move for a new trial, instead challenging the verdicts for the first time on appeal.

## III.   STANDARD OF REVIEW

"Generally, questions of whatever nature, not raised and properly preserved for review in the trial court, will not be noticed on appeal."[2]  Accordingly, we review issues that were not raised before the trial court for plain error.[3]  We will find plain error "where an obvious mistake has been made which creates a high likelihood that injustice has resulted."[4]

## IV.   DISCUSSION

### A.   The Smalls Waived Their Argument That The Verdicts Were Inconsistent Because They Failed To Object To The Verdicts Before The Jury Was Discharged.

We have long held that litigants waive their right to challenge the consistency of a jury verdict if they fail to raise the issue before the jury is discharged.[5] This rule is intended "to promote the efficient operation of the courts and to prevent jury-shopping by litigants, who would otherwise be able to choose between moving for

---

[2]    *Harvey v. Cook*, 172 P.3d 794, 802 n.46 (Alaska 2007) (quoting 4 C.J.S. *Appeal and Error* § 292 (2007)).

[3]    *D.J. v. P.C.*, 36 P.3d 663, 667-68 (Alaska 2001).

[4]    *Id.* at 668 (quoting *Sosa v. State*, 4 P.3d 951, 953 (Alaska 2000)).

[5]    *See John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1044 (Alaska 2002) ("An inconsistent verdict argument must be raised before the jury is dismissed."); *Nelson v. Progressive Corp.*, 976 P.2d 859, 863, 864 n.5 (Alaska 1999) ("[A] litigant waives his right to challenge the consistency of a jury's verdict if he fails to raise the issue and move for resubmission prior to the jury's discharge."), (collecting cases); *City of Homer v. Land's End Marine*, 459 P.2d 475, 480 (Alaska 1969) (holding that appellant "waived the right to challenge the consistency of the answers and the verdict when its counsel failed to raise the question prior to the discharge of the jury").

resubmission to the same jury or, by remaining silent, seeking a new trial before a new jury."[6]  Because we conclude the Smalls did not raise the consistency issue prior to the jury's discharge, their claims are waived.

With respect to Kenisha's verdict, the Smalls do not assert that they raised the consistency issue at trial, nor do they offer any argument for why they did not waive this claim.  Accordingly, Kenisha's claim is waived.

With respect to Travis's verdict, the Smalls argue that before the verdict was read, they raised the issue that an award of pain and suffering without medical expenses would be inconsistent, and that the trial court ruled that it would not be.  Due to this alleged prior ruling, the Smalls argue that they were not required to raise the consistency issue again after the verdict was read to preserve the claim for appeal.

The Smalls overstate the nature of a short discussion that occurred before the jury delivered the verdicts and ignore an opportunity to raise the issue after the verdicts were read.  A few minutes before the jury returned, Sayre's attorney told the judge and the Smalls' attorney that the verdict would be inconsistent if the jury awarded damages for medical expenses without awarding damages for pain and suffering.  The Smalls' attorney then asked, "What happens if it's the opposite?  Let's say they just award pain and suffering, does there have to be a medical then?"  Both Sayre's attorney and the judge replied "No," and the Smalls' attorney simply responded "Okay."  After the verdicts were read, the court asked, "And I believe these are consistent verdicts; correct, Counsel?"  Sayre's attorney answered, "Yes, Your Honor."  The transcript indicates — and the Smalls do not argue otherwise — that the Smalls' attorney did not respond.

---

[6]     *Nelson*, 976 P.2d at 863-64.

The Smalls argue that the first discussion "placed the specific issue before the trial court" that there could be an award of pain and suffering damages without an award for medical expenses and that the court "ruled that such a verdict was not impermissibly inconsistent over the objection of [the Smalls'] attorney," thus preserving the issue for appeal. They conclude that they were not required to raise the issue of an inconsistent verdict again after the verdict was read.

But the trial court issued no ruling on the inconsistency of the verdict; the Smalls' attorney did not properly challenge the verdict and the court therefore had no opportunity to rule on the issue. The potential inconsistency was discussed *before* the jury rendered its verdict; to elicit a ruling on the consistency of a verdict, the Smalls would have needed to raise the issue of consistency *after* the verdict was rendered, provide a clear statement of grounds for objection, and insist on a ruling.[7] Instead, the Smalls' attorney asked a hypothetical question unmoored from the facts of this case. He did not challenge the judge's reply that such a verdict would not be inconsistent, let alone explain his reasoning or formally raise the issue despite several opportunities to do so. Thus, the record does not support the Smalls' claim on appeal that there was a definitive ruling on the consistency issue "over the objection of [the Smalls'] attorney." Rather,

---

[7] *Stephanie W. v. Maxwell V.*, 319 P.3d 219, 225 (Alaska 2014) ("[T]o preserve an issue for appeal, appellants 'must show they raised the issue below.' " (quoting *Stadnicky v. Southpark Terrace Homeowner's Ass'n*, 939 P.2d 403, 405 (Alaska 1997))); *Davison v. State*, 282 P.3d 1262, 1267 (Alaska 2012) ("To preserve an issue for appeal, a party must clearly state the grounds for his objection 'so that the [superior] court may intelligently rule upon the objection.' " (alteration in original) (quoting *Williams v. State*, 629 P.2d 54, 62 (Alaska 1981))). The Smalls argue that it would have been futile to raise the inconsistency issue after the verdict was rendered given the earlier discussion. But a discussion is not a ruling, and, with respect to this issue, their attorney did not at any point "insist[] on a ruling before the court entered final judgment." *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1262 (Alaska 2007). Therefore, the Smalls "forfeit[] the right to appeal" the consistency issue. *Id.*

the record shows that the court did not rule on the consistency issue because the attorney never properly raised it before the court. Accordingly, we conclude that Travis' claim is also waived.

## B. The Trial Court's Failure To Raise The Inconsistent Verdict Issue Sua Sponte Was Not Plain Error.

When, as here, an appellant did not raise and litigate a claim before the trial court, the claim can survive on appeal only if this court finds plain error.[8] "This standard imposes a heavy burden on appellants . . . ."[9] We conclude that the trial court did not plainly err in failing to vacate the jury verdicts sua sponte and grant a new trial because no "obvious mistake has been made" that would "create[] a high likelihood that injustice has resulted."[10]

We see no obvious mistake in the jury's decision to award Kenisha past medical expenses and past pain and suffering without future medical expenses. The jury was instructed to award damages for a future medical expense only if the expense was reasonably necessary and reasonably certain to occur, and if the evidence provided a reasonable basis for estimating the amount of the expense. But the jury heard conflicting testimony as to the necessity of Kenisha's future surgery. It would not be inconsistent for a jury to conclude that Kenisha was entitled to past medical expenses from the accident but that her future medical expenses were not awardable based on the instruction.

We also see no obvious mistake in the jury's decision to award Travis past pain and suffering without past medical expenses. The jury was provided an exhibit

---

[8]    *D.J. v. P.C.*, 36 P.3d 663, 667-68 (Alaska 2001).

[9]    *Shields v. Cape Fox Corp.*, 42 P.3d 1083, 1087 (Alaska 2002).

[10]    *D.J.*, 36 P.3d at 668.

showing all of Travis's past medical expenses, but the jury was told it could award only a portion of these expenses.[11]  The jury was also told that the non-awardable medical expenses were listed for consideration in awarding non-economic damages, such as pain and suffering.  Based on these instructions, it would not be inconsistent for the jury to conclude that Travis incurred non-economic damages based solely on the non-awardable medical expenses.

C.   **The Smalls Waived Their Argument That The Verdicts Were Against The Weight Of The Evidence Because They Did Not Challenge The Jury Verdicts Before The Trial Court.**

We have stated that "[w]here a challenge to the amount of damages has not been raised in the trial court, 'we may refuse to review the issue or we may, in our discretion, review the award.' "[12]  The Smalls argue on appeal that the jury's failure to award any future damages to Kenisha is contrary to the weight of the evidence showing that she would need future surgery costing $61,000.  They further argue that the jury's failure to award past medical expenses to Travis is contrary to the weight of the evidence showing that Travis required and received medical treatment for his injuries caused by the accident.  But the record shows that the Smalls did not challenge the jury verdicts in

---

[11]     This is because the Smalls' insurer had already reimbursed a portion of Travis's past medical expenses and directed the Smalls not to pursue recovery from Sayre.  *See Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999).

[12]     *Dixon v. Blackwell*, 298 P.3d 185, 189 (Alaska 2013) (quoting *Murray v. Feight*, 741 P.2d 1148, 1160 (Alaska 1987)).

any way, including motions for a directed verdict or a new trial.[13]  Thus, the Smalls have waived their right to direct review of the sufficiency of the jury verdicts.

    **D.**    **The Verdicts Were Not So Grossly Inadequate As To Constitute Plain Error.**

When, as here, a challenge to the amount of damages has been waived at trial, we may nonetheless choose to "examine whether [the] 'damages awarded . . . were so grossly inadequate as to amount to a miscarriage of justice.' "[14]  When doing so, we "necessarily consider[] hypothetical explanations for the jury's determination. Otherwise, we would not be able to review verdicts at all."[15]  Applying this standard, we conclude that neither Kenisha's verdict nor Travis's was so grossly inadequate as to constitute plain error.

With respect to Kenisha's verdict, the jury heard conflicting evidence regarding both Kenisha's need for future back surgery and, if it were needed, whether that need was caused by the accident.  Given this testimony, the jury could have reasonably concluded either that Kenisha did not need the surgery or that her need for the surgery was not caused by the accident.  Accordingly, the jury's verdict declining to award future medical expenses was not grossly inadequate.

There was even stronger support for Travis's verdict.  First, the jury was instructed that it could award less than half of Travis's past medical expenses, but the

---

    [13]    This fact distinguishes the present case from *Grant v. Stoyer*.  10 P.3d 594 (Alaska 2000).  In that case we reviewed the superior court's denial of the plaintiff's motion to vacate the verdict and order a new trial.  *Id*. at 596.  Because the Smalls did not move for a new trial, we apply the more stringent standard of *Dixon*.  298 P.3d at 189.

    [14]    *Dixon*, 298 P.3d at 189 (quoting *Heacock v. Town*, 419 P.2d 622, 624 (Alaska 1966)).

    [15]    *Nelson v. Progressive Corp.*, 976 P.2d 859, 864 (Alaska 1999) (quoting *Diamond v. Wagstaff*, 873 P.2d 1286, 1290 (Alaska 1994)).

jury was told it could consider the total amount of medical expenses in its deliberations. This instruction alone could justify a verdict awarding pain and suffering without awarding any past medical expenses. Second, the jury heard testimony about two prior car accidents and prior workplace and military service injuries for which Travis had sought medical treatment before the accident; the jury could have attributed his ongoing treatment to these prior injuries rather than the accident.[16] Finally, the jury was presented with inconsistencies between the medical history that Travis claimed to have provided to his doctors and the information contained in his medical records, which could have created credibility issues reasonably leading the jury to reduce the award. Accordingly, the verdict awarding past pain and suffering to Travis without awarding past medical expenses was not grossly inadequate.

## V.    CONCLUSION

We therefore AFFIRM the trial court's judgment upholding the jury verdicts.

---

[16]    The Smalls argue that this conclusion would violate AS 09.17.080(a) because the jury did not apportion damages between this accident and Travis's prior accidents. But AS 09.17.080(a) asks juries to apportion damages *between* parties, and Sayre was the only party in this action.