NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ROLAND M., | ) | |
| | ) | Supreme Court No. S-18363 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-06597 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| FAITH K., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1991 – September 27, 2023 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Roland M., pro se, Anchorage, Appellant. Notice of nonparticipation filed by Taylor Rose Thompson, Thompson Law Group, Anchorage, for Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

## I. INTRODUCTION

A mother planned to travel internationally with her children to attend a relative's wedding. After the children's father objected to the plan, the mother moved to modify the parents' custody agreement. The superior court awarded the mother sole legal and physical custody. It authorized her travel plan, with some conditions. It also awarded the mother child support. The father appeals the court's orders.

---

\*      Entered under Alaska Appellate Rule 214.

We affirm the custody order. It was not an abuse of discretion to award the mother sole physical custody because the father was serving a lengthy sentence in prison and unable to exercise custody. And because the parents could not cooperate regarding their children, it was reasonable for the court to award sole legal custody to the parent who exercised full-time physical custody. Finally, the court's order regarding travel was not an abuse of discretion because the court-ordered conditions reasonably addressed the father's concerns. Because of an inadvertent error in the child support calculation, we vacate the child support award and remand to the trial court for recalculation.

## II.    FACTS AND PROCEEDINGS

Roland M. and Faith K. are unmarried and have two children, one born in 2011 and the other in 2016.[1]  In 2013 they agreed to share joint legal custody of their first child, with Roland having primary physical custody. The agreement required that any international travel be approved by both parents. The court approved this custody agreement in 2013.

Roland was convicted of a crime in 2016 and began serving a ten-year sentence. Neither parent moved to modify the custody order at that time.

In 2021 Faith moved to modify custody, seeking sole legal and physical custody. She represented that Roland had refused to allow her to obtain passports for the children so that they could travel to Faith's parents' home country to attend her sister's wedding. Roland opposed the child custody modification, arguing that the parents should maintain shared custody.

The superior court held an evidentiary hearing. Faith and Roland testified about their relationship, Faith's parenting ability, Faith's travel plans, and Roland's

---

[1]    Pseudonyms have been used to protect the parties' identities.

concerns about the travel. Roland expressed particular concern about his children being supervised by Faith's relatives.

The court awarded Faith sole legal and physical custody. It allowed Faith to obtain passports for the children without Roland's consent and to bring the children to attend her sister's wedding during the month of July 2022. To allay Roland's concerns, the court ordered Faith to accompany the children on this trip and to bring the children back to Alaska. As part of the custody modification order the court imposed a child support obligation of $100 per month on Roland.

## III. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion By Awarding Faith Sole Legal And Physical Custody.

Roland argues that the superior court erred by awarding Faith sole legal and physical custody. This argument is unpersuasive because Roland is in prison and unable to exercise physical custody of the children. And because Roland and Faith agreed they cannot cooperate, it was reasonable for the court to award sole legal custody to Faith, the parent with full-time physical custody.

A court may modify custody only if (1) the moving parent shows a substantial change in circumstances and (2) the proposed modification is in the best interests of the children.[2] We set aside an order modifying custody "only if the entire record demonstrates that the controlling findings of fact are clearly erroneous or that the trial court abused its discretion."[3] We see no such errors here.

First, there was a change in circumstances. Since the parties' previous custody order, Roland began a lengthy prison sentence that prevented him from

---

[2]     *J.L.P. v. V.L.A.*, 30 P.3d 590, 595 (Alaska 2001).

[3]     *Moeller-Prokosch v. Prokosch*, 99 P.3d 531, 534 (Alaska 2004) (quoting *Hamilton v. Hamilton*, 42 P.3d 1107, 1111 (Alaska 2002)).

exercising physical custody over the children. And the parties agreed that their ability to talk constructively about the children had broken down.[4]

Second, giving Faith sole legal and physical custody was not an abuse of discretion. Faith was taking care of the children full time, and Roland repeatedly complimented Faith on her parenting. Roland was serving a lengthy prison term, so he was not able to exercise physical custody. As for legal custody, the parents agreed they could not constructively discuss the children — which is necessary for joint legal custody.[5] The court's decision to give sole legal custody to Faith, the parent exercising physical custody, was reasonable in these circumstances.

**B.      The Superior Court's Order On International Travel Was Not An Abuse Of Discretion.**

Roland argues that the superior court erred by allowing the children to travel out of the country with their mother without allowing him daily telephone access. He also argues that the superior court erred by not granting him a similar opportunity to take the children out of the country. We disagree. The court reasonably concluded that the travel was consistent with the children's best interests and placed reasonable conditions on the travel to address Roland's concerns. And Roland failed to preserve his arguments about daily telephone calls and his own future travel plans.

The superior court must consider the children's best interests when evaluating "issues regarding the permissibility of international travel and visitation."[6]

---

[4]      *Bird v. Starkey*, 914 P.2d 1246, 1250 n.6 (Alaska 1996) (noting a collapse of cooperation qualifies as a changed circumstance).

[5]      *McClain v. McClain*, 716 P.2d 381, 386 (Alaska 1986) ("[C]ooperation between parents is essential if the [joint custody] arrangement is to be in the best interests of the child.").

[6]      *Moore v. Moore*, 349 P.3d 1076, 1080-81 (Alaska 2015). Decisions regarding a child's international travel are reviewed for abuse of discretion. *Id.* (applying abuse of discretion standard to trial court's order "allowing unrestricted international visitation" to Micronesia).

Here, the superior court did not make any explicit findings about why attending the wedding would be in the children's best interests. But the implicit reasoning is obvious: Children generally benefit from attending family gatherings, including weddings of close relatives.

Roland does not appear to object to this implicit logic, nor did he object to the children's traveling internationally, attending the wedding, or associating with Faith's family in general. Instead he appears to be worried that the children would remain in Faith's home country for an extended, indefinite period and be cared for by Faith's extended family.

The superior court's order addressed these concerns. It specified a discrete period of time for the travel: "during and around the month of July 2022." It required Faith to "accompany the children on the flights to and from the gathering." And it required Faith to return the children to Alaska. Because the court's order reasonably addressed Roland's concerns, it was not an abuse of discretion.

Roland failed to preserve his arguments that the superior court (1) should have required the children to have daily phone calls with him while traveling and (2) should have approved his future (hypothetical) travel plans. To preserve an issue for appeal, a party "must clearly state the grounds for his objection" so that the superior court has an opportunity to fully consider the issue and rule upon it.[7] But Roland did not make these arguments to the superior court. When a party fails to raise an issue before the superior court, we review the issue for plain error.[8] "Plain error exists 'where an obvious mistake has been made which creates a high likelihood that injustice has resulted.' "[9] The superior court neither committed an obvious mistake nor caused

---

[7] *Davison v. State*, 282 P.3d 1262, 1267 (Alaska 2012).

[8] *Small v. Sayre*, 384 P.3d 785, 788 (Alaska 2016).

[9] *Duffus v. Duffus*, 72 P.3d 313, 319 (Alaska 2003) (quoting *D.J. v. P.C.*, 36 P.3d 663, 668 (Alaska 2001)).

injustice when it did not on its own order daily phone calls or approve Roland's hypothetical future travel.

### C. The Child Support Calculation Was Erroneous.

Roland argues that the superior court erred by requiring him to pay child support. Because his argument is based upon his proposal that he and Faith continue to share physical custody of the children, which he cannot do while in prison, the argument fails. However, we correct an inadvertent error in the amount of child support ordered.

"We reverse child support awards only if the superior court abused its discretion or applied an incorrect legal standard."[10] "Whether the superior court applied the correct legal standard to its child support determination"[11] and "[t]he proper method of calculating child support" are questions of law that we review de novo.[12]

Because the court awarded Faith primary physical custody, it was required to address child support. The superior court found that Roland had no income and therefore imposed the minimum child support obligation allowed by Alaska Civil Rule 90.3: $50 per month.[13] But the court ordered Roland to pay $100 per month — in effect, $50 per month *per child*. Multiplying the minimum amount by the number of children is inconsistent with Rule 90.3. The Rule's commentary explains that the "$50.00 minimum support applies for all children, not to each child separately."[14]

---

[10] *Koller v. Reft*, 71 P.3d 800, 804 (Alaska 2003) (citing *Beaudoin v. Beaudoin*, 24 P.3d 523, 526 (Alaska 2001)).

[11] *Wyman v. Whitson*, 421 P.3d 99, 101 (Alaska 2018) (quoting *Limeres v. Limeres*, 320 P.3d 291, 295 (Alaska 2014)).

[12] *Faulkner v. Goldfuss*, 46 P.3d 993, 996 (Alaska 2002).

[13] Alaska R. Civ. P. 90.3(c)(3).

[14] Alaska R. Civ. P. 90.3 cmt. VI.C.

Because the $100 per month figure is a plain and seemingly inadvertent error, we vacate the child support award and remand for recalculation.[15]

## IV.  CONCLUSION

We AFFIRM the superior court's award of physical and legal custody and the superior court's order approving international travel.  We VACATE the child support award and REMAND for recalculation.

---

[15]  *Fernandes v. Portwine*, 56 P.3d 1, 9 n.27 (Alaska 2002) ("[W]aiver will not be found where an issue raises plain error."); *Duffus v. Duffus*, 72 P.3d 313, 319 (Alaska 2003) ("Plain error exists 'where an obvious mistake has been made which creates a high likelihood that injustice has resulted.' " (quoting *D.J. v. P.C.*, 36 P.3d 663, 668 (Alaska 2001)); Alaska R. App. P. 520(c) ("The appellate court may affirm, modify, vacate, set aside or reverse any judgment, decree, decision or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree or order; or require such further proceedings to be had as may be just under the circumstances.").