**NOTICE**

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SHERI-LOUISE A., | ) | |
| | ) | Supreme Court No. S-18767 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-21-05224 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| BARRY A., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2040 – August 14, 2024 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Sheri-Louise A., pro se, Wasilla, Appellant. No appearance by Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

## I. INTRODUCTION

A mother appeals a custody order granting her and the child's father equally shared physical custody, alternating each week. The mother argues that the court erred by failing to stay the custody proceedings to investigate an alleged criminal proceeding against the father in another jurisdiction. The mother also argues that the court erred in determining the child's best interests and failed to consider evidence she

---

\*      Entered under Alaska Appellate Rule 214.

submitted after the court issued its ruling. Seeing no reversible error or abuse of discretion, we affirm the superior court's order.

## II. FACTS AND PROCEEDINGS

Barry A. and Sheri-Louise A. (Sheri) married in American Samoa in 2015.[1] Barry moved to Alaska in 2017. Sheri followed in January 2018. A child was born to the couple in April 2018. Barry filed for divorce in April 2021 and sought shared custody of the child. Sheri sought sole legal and physical custody, with Barry having only supervised visitation, due to alleged safety concerns.

Barry filed a motion for interim custody, seeking equally shared physical custody and joint legal custody. The superior court heard testimony from the parties at several interim custody hearings. The parties testified about various instances of domestic violence; particularly relevant to this appeal was Sheri's assertion that Barry had raped her underaged sister in American Samoa and was being criminally charged for this act.

The superior court issued an interim custody order in February 2022. The court did not "find either party to be particularly credible." The court found it more likely than not that Barry committed domestic violence against Sheri. But it made no findings regarding the rape allegation involving Sheri's sister. The court acknowledged "[Sheri's] testimony and the offer of proof regarding what the father and sister would have said," but reasoned that "without more substantiated evidence" the rape claim was only an "allegation[]" and was "not the direct subject of what the court need[ed] to address."

The court found that Sheri too had "been the perpetrator of domestic violence," and that she "ha[d] at times been drunk and violent." The court further concluded that "the parties' behavior has been fairly . . . high conflict," and was "more

---

[1] We use first names and last initials to protect the parties' privacy.

consistent with a complicated mutually toxic dynamic than a straightforward abuser-victim scenario." Finally, the court found that "both parties have lied, cheated, drank too much, behaved poorly" and made "high conflict choices."

After finding that both parents had a history of domestic violence, the court found that Sheri was the parent less likely to continue perpetrating violence and granted her interim custody.[2] Barry was allowed limited visitation that would increase as he progressed through steps of a domestic violence intervention program.

After Barry completed the 36-hour intervention program in September 2022, the court heard additional testimony. During the hearing the rape allegation resurfaced. Sheri testified that there was a sealed warrant for Barry's arrest in American Samoa, but she did not present any further evidence on this issue. The parties testified about various incidents reflecting poor parenting choices. Sheri testified that she contacted the Office of Children's Services (OCS) three times about Barry's treatment of the child. Barry's girlfriend testified about three OCS complaints and one investigation, describing each as unsubstantiated.

In its final custody order the court awarded equally shared physical custody and joint legal custody. In explaining its order the court found: "Barry has overcome the [domestic violence] presumption and the best interests of the child are met by having equal time with both parents, all other factors being equal."

---

**2** *See* AS 25.24.150(g), (h) (presumption against custody by parents with history of domestic violence); AS 25.24.150(i)(1) ("If the court finds that both parents have a history of perpetrating domestic violence . . . the court shall . . . award sole legal and physical custody to the parent who is less likely to continue to perpetrate the violence and require that the custodial parent complete a treatment program.").

Sheri moved to stay the custody order. Her motion alluded to new evidence concerning the rape allegation. The record before us on appeal does not include the superior court's decision on this motion.[3]

Sheri appeals, representing herself.[4]

## III. DISCUSSION

### A. Failure To Stay The Custody Proceedings For An Investigation Into A Potential Criminal Matter In American Samoa Was Not An Abuse Of Discretion.

Citing the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Sheri argues that the superior court should have stayed the custody proceedings to investigate alleged criminal proceedings against Barry in American Samoa. But Sheri never asked the court to do so, and the law did not require it. Therefore we see no grounds to reverse the court's custody order.

Alaska has adopted a version of the UCCJEA.[5] "[T]he UCCJEA was enacted to resolve conflicting jurisdictional requirements between states."[6] It "limits a court's jurisdiction in custody matters to promote uniformity among courts in different states."[7]

Sheri's argument is based on AS 25.30.380, which requires a party to a custody matter to state in initial pleadings whether the party knows of another "proceeding that could affect the current proceeding" and to provide information about

---

   **3**    Sheri has appealed the court's subsequent denial of her motion to stay and motion to modify custody in S-19077, but that order is not before us in this appeal.

   **4**    Barry did not participate in this appeal.

   **5**    AS 25.30.300-.910; *Christensen v. Seckin*, 486 P.3d 181, 184 (Alaska 2021).

   **6**    *Steven D. v. Nicole J.*, 308 P.3d 875, 881-82 (Alaska 2013).

   **7**    *Roman v. Karren*, 461 P.3d 1252, 1256 (Alaska 2020).

any such proceedings.[8]  If this information is not furnished, "the court, on motion of a party or its own motion, may stay the proceeding until the information is furnished."[9] This provision does not impose an affirmative duty on the court.  It merely gives the court discretion to stay custody proceedings to allow for investigation into proceedings in other jurisdictions.[10]

Sheri never moved for a stay before the court issued its final custody order. Therefore we review the lack of stay in these custody proceedings for plain error.[11]

We see no plain error here.  The court heard some testimony and an offer of proof regarding Sheri's allegations but concluded that without more evidence, the relevance and validity of the allegations were not established.  The court permitted Sheri to present more evidence to substantiate her allegations and show how they impacted the custody dispute, but Sheri did not provide additional evidence.  Sheri argues that evidence that Barry sexually assaulted her minor sister in American Samoa would be

---

[8]  AS 25.30.380(a)(2) ("The pleading or affidavit must state whether the party . . . knows of a proceeding that could affect the current proceeding, including a proceeding for enforcement and a proceeding relating to domestic violence, protective orders, termination of parental rights, and adoptions and, if so, identify the court, the case number, and the nature of the proceeding.").

The court system provides a child custody jurisdiction affidavit form for parties to complete that prompts parties to provide this information.  *See* Child Custody Jurisdiction Affidavit, DR-150 (Oct. 2023), https://public.courts.alaska.gov/web/forms/docs/dr-150.pdf (last visited June 18, 2024).  Sheri and Barry's affidavits indicated they were not aware of other custody proceedings.

[9]  AS 25.30.380(b).

[10]  *See id.*

[11]  We review a court's failure to act sua sponte for plain error.  When we review for plain error we reverse only "where an obvious mistake has been made which creates a high likelihood that injustice has resulted."  *Brett M. v. Amanda M.*, 445 P.3d 1005, 1013 (Alaska 2019) (quoting *Small v. Sayre*, 384 P.3d 785, 788 (Alaska 2016)).

important to the superior court's consideration of the child's best interests.[12]   But because the court did not find Sheri "particularly credible," and because she did not further substantiate her assertion despite the court permitting her to do so, the superior court did not abuse its discretion by declining to stay the custody proceeding to investigate the matter further.

### B.    Sheri's New Evidence Is Not Properly Before Us.

After the superior court entered its custody order, Sheri moved to stay its ruling.  In her motion to stay she presented new evidence about the alleged proceedings in American Samoa.  She argues the superior court should have accepted this evidence in making its ruling.  But this evidence was not available to the court when it issued the final custody order.   We therefore do not consider it in deciding whether the court abused its discretion when making its custody ruling.[13]

### C.    We See No Abuse Of Discretion In The Superior Court's Best Interests Ruling.

Sheri argues that the court erred in granting her and Barry equally shared physical custody and joint legal custody because this arrangement was not in the child's best interests.  The court is required to determine custody in accordance with the best interests of the child by considering statutory factors and applying a presumption

---

[12]    In support of this argument Sheri cites AS 25.24.150(c)(6), which precludes the court from considering one parent's unwillingness to encourage the child's relationship with the other parent if the first parent shows that the other parent has sexually assaulted a child.

[13]    *See Lumbermens Mut. Cas. Co. v. Cont'l Cas. Co.*, 387 P.2d 104, 109 (Alaska 1963) ("We shall not attempt to consider on appeal matters that were not made issues in the trial court, by either the pleadings or the pre-trial order or that were not tried before the court.").

The record in this appeal does not include the superior court's ruling on Sheri's motion for stay.  This ruling appears to be the subject of a separate appeal by Sheri in S-19077.

against custody by a parent who has a history of domestic violence.[14] Although the superior court's final custody order contains few express findings, the record shows that it adequately considered the child's best interests. We see no clear error or abuse of discretion in the court's ruling.[15]

The court made detailed findings in connection with its interim custody ruling. After hearing extensive testimony, the court found that both Sheri and Barry had committed domestic violence. In accordance with statute, the court determined which parent was less likely to continue the violence — Sheri.[16] Therefore, it awarded Sheri sole interim custody and ordered Barry to complete a domestic violence intervention program. But the court also made other factual findings based on the parties' testimony. The court found neither party to be particularly credible. It found that their relationship was "mutually toxic." The court also found that "both parties ha[d] lied, cheated, drank too much, behaved poorly," and made "high conflict choices." And the court expressed concern that neither parent would facilitate the child's relationship with the other parent.

---

[14]     See AS 25.20.060(a) ("The court shall award custody on the basis of the best interests of the child. In determining the best interests of the child, the court shall consider all relevant factors, including those factors enumerated in AS 25.24.150(c), and the presumption established in AS 25.24.150(g)."); AS 25.24.150(c) (describing factors court must consider when deciding custody in child's best interests); AS 25.24.150(g) ("There is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against the other parent, a child, or a domestic living partner may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child.").

[15]     See Hamilton v. Hamilton, 42 P.3d 1107, 1111 (Alaska 2002) ("A trial court's determination of custody will be set aside only if the entire record demonstrates that the controlling findings of fact are clearly erroneous or that the trial court abused its discretion.").

[16]     See AS 25.24.150(i)(1).

These earlier findings support the superior court's final custody order. In the final custody order the court found that "Barry has overcome the [DV] presumption and the best interests of the child are met by having equal time with both parents, all other factors being equal." Although these particular findings are scant, we see no clear error in light of the court's previous factual findings, its previous credibility determinations, and the additional testimony that was presented after the court's interim custody order but before the final order. [17]

The thrust of Sheri's argument concerns testimony about the alleged sexual assault by Barry. But the court expressly considered her evidence, made a credibility determination, and determined the testimony about this incident was due "little weight." We are particularly deferential to the superior court's credibility findings based on oral testimony.[18] Given the court's findings in connection with the interim custody order and the record before us, we conclude the superior court did not clearly err or abuse its discretion in deciding that the child's best interests favored equal time with each parent.

## IV. CONCLUSION

We AFFIRM the superior court's custody award.

---

[17] The testimony focused on instances of domestic violence and various allegations of inappropriate comments. There was also testimony about each parent's ability and willingness to homeschool their child.

[18] *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) ("The trial court's factual findings enjoy particular deference when they are based primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence." (internal quotation marks omitted) (quoting *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011))).