Ronald **EAGLEY**, Appellant,

v.

Linda **EAGLEY**, Appellee.

No. 3928.

Supreme Court of Alaska.

Feb. 12, 1993.

Rehearing Denied April 15, 1993.

Kenneth F. Brittain, Brittain & Pentlarge, Anchorage, for appellant.

Mary A. Gilson, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON, and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

In this appeal, Ronald Eagley challenges the superior court's determination of his income for the purpose of calculating child support under Alaska Rule of Civil Procedure 90.3.

## FACTS AND PROCEEDINGS

Ronald and Linda Eagley were divorced in August 1987. In the Child Custody and Property Settlement Agreement approved by the court, the parties agreed upon joint legal custody of their minor child, Rae Anne Eagley, born January 8, 1977. Linda was awarded primary physical custody, with liberal visitation rights for Ronald. Ronald was obligated under the agreement to pay $300 per month to Linda in child support. In January 1990, the Child Support Enforcement Division moved on Linda's behalf for a modification of child support to comply with Civil Rule 90.3.

Ronald is the self-employed owner of Gwennie's Old Alaska Restaurant. At the time of the hearing before Master Ashton, Ronald's 1988 tax return was the most recent one available. Based on Ronald's 1988 tax return, Ronald's "gross profit" for 1988 was $456,814.57 with deductions of $459,076.91. The Master calculated a business loss of $2,262.34. After adding in Ronald's interest income of $515.71, dividend income of $18.00, a capital gain of $10.45 and a permanent fund dividend of $826.93, Ronald's income loss for 1988 was calculated at $891.25. Master Ashton made the following findings of fact and conclusions of law:

Most of the deductions claimed by Mr. Eagley are not in dispute. The following deductions are in dispute: $54,285.09 in depreciation, $18,000.00 in accrued but unpaid interest, $9,000.00 in personal draws, $12,471.00 in in-kind benefits of housing, food and utilities.

I find that although the depreciation and the accrued but unpaid interest are

deductions allowed under the Internal Revenue Code, these amounts should not be deducted from income for purposes of the computation of child support.

Mr. Eagley made payments in the amount of $33,480.28 in 1988 toward the principal of his loan for the purchase of the business and the real property that it is located on. This amount is not deductible under the Internal Revenue Code, but is a reasonable and necessary expense of doing business under the particular circumstances of this case.

. . . .

Mr. Eagley's income for purposes of calculating child support is as follows:

| | | |
|---|---|---|
| | $ 9,000.00 | draws |
| | 12,471.00 | housing, food and utilities |
| | 39,829.00 | depreciation |
| | 18,000.00 | accrued but unpaid interest |
| | 515.71 | interest income |
| | 18.00 | dividend income |
| | 10.45 | capitol [sic] gain |
| | 826.93 | permanent fund dividend |
| SUBTOTAL | $80,671.09 | |
| | −33,480.28 | principal |
| TOTAL | $47,190.81 | |

On the basis of these findings the Master awarded Linda child support in the amount of $786.00 per month. Both parties then filed objections to the Master's findings. The superior court modified the Master's findings in part, concluding that the principal payments should not be deducted and that including draws and housing, food and utilities would be "double counting" these items. The superior court's altered calculations of income are as follows:

| | |
|---|---|
| $39,829.00 | depreciation |
| 18,000.00 | accrued but unpaid interest |
| 515.00 | interest income |
| 18.00 | dividend income |
| 10.00 | capital gain |
| 826.00 | permanent fund dividend |
| 33,480.00 | principal payment |
| $92,678.00 | TOTAL |

The superior court awarded child support in the amount of $1,000 per month because Ronald's calculated income exceeded $60,000. Ronald appeals.[1]

---

1. A child support award will not be overturned absent a finding of a clear abuse of discretion. *Richmond v. Richmond,* 779 P.2d 1211, 1216 (Alaska 1989). This court will set aside the superior court's award only if, on the basis of the entire record, this court is left with a "definite and firm conviction that a mistake has been made." *Id.* (citing *Hunt v. Hunt,* 698 P.2d 1168, 1172 (Alaska 1985)).

## DISCUSSION

Civil Rule 90.3 governs the calculation of adjusted annual income for the purposes of determining child support obligations. Civil Rule 90.3(a)(1) states that "[a]djusted annual income as used in this rule means the parent's total income from all sources." The Commentary to Civil Rule 90.3 states the following in regard to determining income when the parent is self-employed:

> Income from self-employment ... includes the gross receipts minus the ordinary and necessary expenses required to produce the income. Ordinary and necessary expenses do not include amounts allowable by the IRS for the accelerated component of depreciation expenses, depreciation of real estate, investment tax credits, or any other business expenses determined by the court to be inappropriate. Expense reimbursements and in-kind payments such as use of a company car, free housing or reimbursed meals should be included as income if the amount is significant and reduces living expenses.

Alaska R.Civ.P. 90.3 Commentary III.B. While this court has not officially adopted or approved the commentary, we have relied on it for guidance in determining adjusted annual income for self-employed parents. Alaska R.Civ.P. 90.3 Commentary I.A; *See Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991); *Coghill v. Coghill*, 836 P.2d 921, 926 (Alaska 1992).

1. *DID THE SUPERIOR COURT ABUSE ITS DISCRETION IN INCLUDING ACCRUED BUT UNPAID INTEREST AS INCOME UNDER CIVIL RULE 90.3?*

▉ The superior court found that "[t]he inclusion [of] accrued but unpaid interest in 'income' could be unjust unless it is deducted from income for child support purposes when actually paid."

Ronald contends that the superior court abused its discretion in including $18,000 of accrued but unpaid mortgage interest in Ronald's income for Civil Rule 90.3 purposes. Ronald argues that for an accrual basis taxpayer, there may be a discrepancy between the interest deducted and the interest paid, but that the two would be equal over time. He also asserts that the inclusion of accrued but unpaid interest in the income calculation places an unfair burden on the parties to seek modification yearly because Ronald is an accrual basis taxpayer.

Linda responds that because Ronald's 1988 income was the basis for determining his child support obligation, the deduction for accrued but unpaid interest is effectively an accelerated deduction and should not be allowed under Rule 90.3. Linda analogizes the deduction for the accrued interest to accelerated depreciation deductions, which would be excluded from ordinary and necessary business expenses under the view adopted in Section III.B of the Commentary to Civil Rule 90.3. According to Linda, Ronald has not indicated that in the future he will pay significantly more than the $102,000 in mortgage interest that was actually paid in 1988.

Civil Rule 90.3(a) defines adjusted annual income as "the parent's total income from all sources" minus specified items. We have held that:

> Given this broad definition, we believe that the superior court has discretion whether to include in income amounts voluntarily deposited into deferred income compensation accounts. Under this rule, the court will be able to prevent a parent from decreasing his or her child support obligation by shifting income earned presently into the future.

*Bergstrom v. Lindback*, 779 P.2d 1235, 1237 (Alaska 1989).

The superior court had before it evidence that the use of an accrual interest methodology results in an income calculation reflective of a smaller amount of cash than was actually available to Ronald. Ronald's accountant testified that the only major accrual component of Eagley's business was mortgage interest, because most of the transactions in the restaurant business were on a cash basis. This same witness testified that use of a cash basis accounting system, rather than the accrual basis,

would reflect an increase in Ronald's business income of $18,000.[2]

We hold that the superior court did not abuse its discretion in including $18,000 in accrued but unpaid interest in its Civil Rule 90.3 calculation of Ronald's income. Ronald is correct that the discrepancy between interest accrued and interest paid would be rectified over time. However, because child support obligations are calculated based on a single year's income, allowing a deduction for accrued but unpaid interest leaves the potential for manipulation of income.

■ We also hold that having decided to disallow a deduction for accrued but unpaid mortgage interest payments, the superior court must also reduce the resulting annual income by income taxes which would have been paid had that portion of the mortgage interest deduction been disallowed for that year's income for tax purposes. *Bergstrom,* 779 P.2d at 1237.

## II. *WAS THE SUPERIOR COURT'S INCLUSION OF DEDUCTIONS FOR DEPRECIATION OF REAL ESTATE IN ITS CALCULATION OF RONALD'S ADJUSTED ANNUAL INCOME ERRONEOUS?*

■ Ronald asserts that the superior court abused its discretion in including in child support income the $39,829 of deducted depreciation of real estate. In commenting on the Master's Recommended Order, the superior court observed:

> Inclusion [in income] of 100% of depreciation fails to take into account the "use" of the item depreciated and business expense related to replacement of the item. But it seems evident that in many cases depreciation as a tax incentive is more generous in "protecting" income than experience might demonstrate necessary to recognition of the actual "use" of the item. It is the responsibility of the self-employed parent to demonstrate what portion of the depreciation is unaccelerated and a real measure of asset use.

The court further noted that although deductions for depreciation are allowable under the Internal Revenue Code, they do not require "out-of-pocket expenditure." The superior court relied on the Commentary to Civil Rule 90.3 which states: "Ordinary and necessary expenses do not include amounts allowable by the IRS for the accelerated component of depreciation expenses, depreciation of real estate, investment tax credits, or any other business expenses determined by the court to be inappropriate." Civil Rule 90.3 Commentary III.B.

Ronald urges us to reject that part of the commentary disallowing deductions for real estate depreciation because "there is no rational reason to treat depreciation of buildings, fixtures and other improvements to realty differently than depreciation of other tangible assets." Ronald suggests that we adopt the approach taken by the Delaware Supreme Court in *Turner v. Turner,* 586 A.2d 1182 (Del.1991), disallowing only the accelerated portion of such depreciation deductions.[3]

Linda responds that one goal of Civil Rule 90.3, assuring that child support awards accurately reflect the parent's ability to pay, mandates that amounts that do not reflect the actual costs of doing business should not be deductible. *Cox v. Cox,* 776 P.2d 1045, 1047 (Alaska 1989). Linda points to *The Report of the Child Support Enforcement Commission to the Honorable Governor William J. Sheffield* (Commission Report), dated October 1, 1985, as support for her argument. The Commission Report noted "[f]or the self-employed,

---

**2.** As Linda correctly points out, if Ronald's payment of accrued interest increases in future years and, as a result, affects his income, he is free to request a modification of his child support obligation.

**3.** The court in *Turner* explains:

> The concept of depreciation, as an expense, is a recognition of the fact that certain fixed assets, which are used in a business, wear out gradually and will eventually need to be replaced.

586 A.2d at 1187. The annual depreciation "expense" is most simply calculated by dividing the difference between the original cost of the asset and its scrap value by the estimated useful life of the asset. This calculation yields the "straight line depreciation." *Id.*

income net of reasonable costs of business shall be included in gross income. Depreciation of assets and other tax credits which shelter current income netted out will not be allowed." Report at VI–15. The disallowance of real estate depreciation taken in the Commentary to Rule 90.3 reflects the view that depreciation of real estate constitutes a greater shelter for income and reflects less accurately the actual costs of business assets.[4]

We agree with the Commentary to Civil Rule 90.3 that ordinary and necessary expenses calculated in determining the adjusted gross income of a self-employed parent "do not include amounts allowed by the IRS for the accelerated component of depreciation expenses." [5] On the other hand we are not persuaded that the Commentary's categorical disallowance of all "depreciation of real estate" as an "ordinary and necessary expense" in determining the net disposable income of the self-employed parent should be adopted. Our rejection of this portion of the Commentary was foreshadowed in *Ogard v. Ogard,* 808 P.2d 815, 819 (Alaska 1991) where we said:

Furthermore, while we acknowledge the court's concerns regarding the accuracy of an income tax return as a reflec-tion of true income, the technique the court employed did not allow sufficient recognition of appropriate business expenses. Although the committee commentary to Rule 90.3 states that there should be no deduction for accelerated depreciation, *see* Rule 90.3 Comment III. B., there is no similar suggestion with respect to straightline depreciation of business equipment. Depreciation is a means of reflecting on an annual basis the costs of capital equipment. Such costs are real and should not be disregarded unless it appears that equipment was acquired in order to avoid or reduce the obligor's child support obligation. Unless that is the case here, on remand, the court should allow a realistic deduction for depreciation.

As Ronald persuasively argues, there is no rational reason for disallowing straightline depreciation of buildings, fixtures, and other improvements, yet allowing such depreciation costs for business equipment. We therefore hold that in the context of a Civil Rule 90.3 adjusted income determination, the superior court should allow, as ordinary and necessary business expenses, a deduction for straightline depreciation of the parent's business' real estate.[6] Thus

---

**4.** This is also illustrated by the testimony of Kenneth Gain, Linda's expert witness, and Donald Stevens, Ronald's expert. Gain testified that there is often a wide disparity between the depreciable life of a building for tax purposes and the actual life of the building. Gain's testimony is confirmed by that of Stevens, who indicated that Ronald was depreciating the real estate on his tax return over a 15 year period. Stevens testified, however, that under the "straight nonaccelerated method" the period for depreciation would be 40 years. Gain also explained that the depreciation does not accurately reflect the loss of value. He explained that the value of buildings rarely decreases to zero at the end of their economic life. Gain continued "in reality what you see from a purely economic standpoint is not a real reduction in income. It is something that is allowed for tax purposes largely because of the lobbying of the real estate industry."

**5.** Some states have specifically excluded accelerated depreciation from a parent's income for calculating child support payments by statute. *See* Colo.Rev.Stat. § 14–10–115(7)(a)(II)(B) (1992) ("[o]rdinary and necessary expenses does not include amounts allowable by the internal revenue service for the accelerated component of depreciation expenses...."); Wis.Admin.Code, § HSS 80.02(13) (defining gross income adjusted for child support as excluding accelerated depreciation). Some states have specifically disallowed such use of accelerated depreciation through case law. *See In re the Marriage of Mitchell,* 229 Mont. 242, 746 P.2d 598 (1987).

Other states have given courts the discretion to either include or disallow accelerated depreciation in the calculation of income for child support determinations. *See, e.g.,* Me.Rev.Stat. Ann. tit. 19, § 311 (West 1992) ("[a]t the discretion of the court, amounts allowable by the United States Internal Revenue Service for the accelerated component of depreciation expenses ... may or may not be treated as ordinary and necessary expenses.").

**6.** *See In re Marriage of Gaer,* 476 N.W.2d 324 (Iowa 1991) (in case where husband was self-employed truck driver, allowing deduction for straight line depreciation of husband's truck for child support determination); *Freking v. Freking,* 479 N.W.2d 736 (Minn.App.1992) (allowing "actual," but not accelerated, depreciation of husband's farm equipment for calculation of husband's income for child support determina-

the relevant inquiry on remand of this case to the superior court will be whether Ronald's claimed depreciation of $54,285.00 contains any element of accelerated depreciation.[7]

### III. DID THE SUPERIOR COURT ERR BY INCLUDING PAYMENTS TOWARD PRINCIPAL OF DEBT IN CALCULATING RONALD'S ADJUSTED ANNUAL INCOME?

■ Ronald argues that the superior court erred in including the payment of $33,480.28 towards the principal on his debt for acquiring the business in his adjusted annual income. Instead, he argues, the payment should have been deducted from his adjusted annual income. Such payments of principal are not permissible deductions under the Internal Revenue Code. Ronald argues, nonetheless, that they are reasonable and necessary business expenses as contemplated by the commentary to Civil Rule 90.3.

Linda agrees that the superior court erred in including the payment of $33,480.28 towards the principal on Ronald's debt for acquiring the business in his adjusted annual income.[8] She contends, however, that the payment of principal is not an "ordinary and necessary business expense" and thus should not be deducted from his income.

The superior court concluded that "[s]uch deduction of principal payment is incorrect since it represents distribution of actual income of the business to the owner in increased equity in the business." Linda observes that the payment on the principal is a payment toward the purchase of an asset and should be considered an investment rather than a necessary business expense. Linda argues that the amounts of principal payments are negotiable and can be manipulated to shelter income during the minority of the child. (Here the parties' child will attain majority on January 1, 1995.) Additionally, Linda contends that the questioned principal payment is in effect an investment which increases Ronald's equity in the business. In this respect, she argues that it is no different than any other type of investment.

We agree with Linda's position. Here the amounts of principal required to be paid by Ronald are negotiable and can be manipulated to shelter income during the minority of the child. Additionally, principal payments constitute an investment which increases Ronald's equity in the business. *Ogard*, 808 P.2d at 819 n. 7 (deduction of both depreciation expenses and principal payments rejected as constituting double deduction).

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for proceedings not inconsistent with this opinion.

---

tion). *But see Reid v. Reid,* 121 Idaho 15, 822 P.2d 534 (1992) (disallowing straight line depreciation of husband's farm equipment for purposes of establishing his gross income for child support calculation).

7. In *Turner v. Turner,* 586 A.2d 1182, 1183, 1189 (Del.1991), the court disallowed the claimed deduction of depreciation when the lifetime of the asset for tax depreciation purposes was shorter than the actual useful life of the asset, resulting in accelerated depreciation of the asset. Here, as in *Turner,* the evidence indicates that the actual useful life of the asset is greater than the useful life used for depreciation purposes. In this regard see note 4, *supra.*

8. It is apparent that the superior court's calculation in this regard is incorrect.

To determine Ronald's adjusted annual income, the superior court looked to Ronald's 1988 business tax return and added income Ronald earned plus the items that the court determined were not proper deductions under Civil Rule 90.3, namely depreciation, accrued but unpaid interest and the payments toward principal.

Ronald claimed the depreciation and accrued but unpaid interest as deductions on his tax return. He did not claim the principal payment, however, as a deduction on this tax return. Thus it was improper for the superior court to include this amount in its adjusted income determination.