**Benjamin Joseph HILDERBRAND,
Appellant,**

v.

**Deborah Lyn HILDERBRAND, Appellee.**

No. S–7937.

Supreme Court of Alaska.

Aug. 14, 1998.

Kenneth Kirk, Anchorage, for Appellant.

Allison E. Mendel, Mendel & Associates, Anchorage, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

OPINION

EASTAUGH, Justice.

I. *INTRODUCTION*

Benjamin Joseph Hilderbrand (Joe) appeals from the superior court's property division and child support order. He argues that the superior court erred in three ways in computing his and Deborah Lyn Hilderbrand's respective incomes for child support purposes: (1) by imputing as income to Joe the value of rent for the apartment that he owned and lived in; (2) by disallowing Joe's proposed depreciation deduction for the apartment that he owns; and (3) by failing to include in Deborah's income the interest that Joe will pay her on the money that he owes her.

We reverse the child support order and remand for a recalculation of Joe's income available for child support without imputing to him as income the rental value of the apartment. We affirm with respect to the depreciation and interest issues.

## II. *FACTS AND PROCEEDINGS*

Joe and Deborah married in 1981. Their two daughters were born in 1982 and 1983. The family resided in one apartment in a triplex that Joe and Deborah owned in Barrow.

In October 1992 Joe and Deborah filed a petition for dissolution of their marriage. The dissolution agreement awarded Joe two of the units in the triplex, and awarded Deborah the third. They planned to live in separate units in the triplex after the dissolution. The parties agreed to share custody of the children. The parties requested a waiver of child support, which the court granted based on its written findings that the parents would live in the same building (albeit in separate units) and would share the children's expenses. The court entered a dissolution decree in March 1993.

In March 1994 Joe moved to modify the dissolution decree. He asked for sole legal and physical custody of the children, for Debra to pay child support, and for revision of the property division.

In May 1995 the superior court vacated the original dissolution decree under Alaska Civil Rule 60(b). The superior court ordered the value of the triplex to be split between the parties, awarded title to the triplex to Joe, and ordered Joe to pay Deborah for her interest in the triplex. In 1996 the superior court entered a child support order and final judgment for past-due child support. The court awarded shared custody, and required Joe to pay child support under Alaska Civil Rule 90.3(b).

Joe appeals.

## III. *DISCUSSION*

### A. *Standard of Review*

■ "A court's modification of a child support award 'will not be overturned absent a finding of a clear abuse of discretion.'" *Nass v. Seaton*, 904 P.2d 412, 414 (Alaska 1995) (quoting *Eagley v. Eagley*, 849 P.2d 777, 778 n. 1 (Alaska 1993)). "We will disturb an award only if our review of the entire record leaves us with a 'definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Eagley*, 849 P.2d at 778 n. 1).

### B. *Imputing Income for the Rental Value of the Apartment*

■ In order to calculate child support, the superior court established the rental-income stream from the triplex, less reasonable and necessary expenses incurred for the rental units. Joe argues that the superior court erred by imputing as income to him the rental value of the unit in which he resides. We agree.

*Ogard v. Ogard*, 808 P.2d 815 (Alaska 1991), controls. We there held that the rental value of an owner-occupied apartment should not be imputed as income to the owner, absent good cause under Civil Rule 90.3(c). *See id.* at 818–19. The child support obligor in *Ogard* occupied one apartment of a multiplex apartment building that he owned. *See id.* The superior court imputed the value of the apartment occupied by the obligor as part of his income for purposes of calculating child support. *See id.* We reversed, stating that,

> As owner of the property [Ogard] should not be required, in effect, to pay to live there. Imputing rental income raises difficult valuation problems. It is not called for in Rule 90.3 nor is it suggested by the committee commentary to the rule. In unusual cases special circumstances may justify imputing rental income under the good cause exception set out in subparagraph (c) of the rule.

*Id.* (citing Daniel Q. Posin, *Federal Income Taxation of Individuals* 16 n. 17 (1983)). "Good cause" under Rule 90.3(c) requires proof by clear and convincing evidence that manifest injustice would result if the award were not varied. *See* Alaska R. Civ. P. 90.3(c)(1).

The property division in this case presented significant conceptual difficulties, and we appreciate the superior court's thoughtful ef-

forts to resolve these difficulties within the terms of the good-cause exception noted in *Ogard*. The superior court concluded that the "unusual situation" posed by the division of the triplex constituted good cause to depart from Rule 90.3 under *Ogard* and to impute as income the rental value of Joe's apartment.[1] We conclude, however, that this case is not distinguishable from *Ogard* and that the division of the triplex did not constitute good cause under Rule 90.3(c).

We provided in *Ogard* one example of a situation that might constitute good cause to impute rental income, stating that "[o]ne such case would be where an obligor parent has reduced his or her income by liquidating income-producing assets and applying the proceeds to the mortgage on his or her dwelling." *Ogard*, 808 P.2d at 819 n. 6. This example directs courts to scrutinize the obligor's actions when looking for good cause and suggests that the rental value may be imputed if an obligor acts, perhaps in bad faith, to shield his or her income. Here, however, the superior court made no findings that Joe was acting in bad faith by living in the triplex or was living there solely to reduce his income available for child support.

Deborah asks us to limit the application of *Ogard* and hold that a trial court has discretion to impute as income the rental value of a rental apartment occupied by the owner. She argues that setting the rental value of an owner-occupied rental apartment in a multiplex does not raise the valuation problems that are raised by imputing as taxable income to homeowners the value of living in their own home. *Cf.* Posin, *Federal Income Taxation of Individuals* 16 n. 17 (considering the difficulty of setting the rental value of owner-occupied housing for purposes of imputing as taxable income the value of living

in the home). We are unpersuaded. The policy reasons supporting *Ogard* are valid and well illustrated here, given the complexity of the transaction and the difficulty of accounting for all potentially offsetting credits.

We therefore decline to limit or overrule *Ogard*, and conclude that, because there was no good cause under Rule 90.3 to depart from *Ogard*, the rental income may not be included in Joe's income. Accordingly, we reverse and remand for recalculation of Joe's child support obligation.

### C. Joe's Proposed Depreciation Deduction

Joe next argues that the superior court failed to give him credit for depreciation on the triplex. Depreciation is used to account for the "decline in value of property caused by wear or obsolescence and is usually measured by a set formula which reflects these elements over a given period of useful life of property." *Black's Law Dictionary* 441 (6th ed.1990). As we noted in *Eagley*:

"The concept of depreciation, as an expense, is a recognition of the fact that certain fixed assets, which are used in a business, wear out gradually and will eventually need to be replaced." ... The annual depreciation "expense" is most simply calculated by dividing the difference between the original cost of the asset and its scrap value by the estimated useful life of the asset. This calculation yields the "straight line depreciation."[2]

We have held that courts should allow a deduction for the straightline depreciation of an obligor's business real estate in the con-

---

1. The superior court stated that,

    Joe's income calculation must include imputed rent for the value of the apartment occupied by Joe. *Since the triplex was valued based on the stream of income from all units in the building, this case represents the unusual situation in which a parent owning a building must include imputed rent as part of his income. See Ogard,* 808 P.2d at 819 (such rental value may be imputed to owner of apartment upon showing of special circumstances pursuant to Civil Rule 90.3(c)(1)(A)). The free apartment is a benefit

    to Joe provided by his business interest in renting out the triplex. This imputed rent is to be included with the cash rents received. (Emphasis added.)

2. *Eagley v. Eagley*, 849 P.2d 777, 780 n. 3 (Alaska 1993) (quoting *Turner v. Turner*, 586 A.2d 1182, 1187 (Del.1991)). *See also Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991) ("Depreciation is a means of reflecting on an annual basis the costs of capital equipment.").

text of a Civil Rule 90.3 adjusted-income determination.[3]

Joe asked that depreciation on the triplex be deducted from his adjusted income. The superior court denied Joe's proposed deduction, reasoning that "the appraiser had used a stream of income methodology in valuing the triplex and the building would not be replaced at some time in the future." We affirm.

■ An obligor's ability to deduct depreciation for child support purposes is typically linked to his or her ability to deduct depreciation for tax purposes.[4] Although Joe seeks to deduct nearly $7,000 from his income available for child support each year, he has not shown that he could deduct this amount from his income for tax purposes. Joe concedes that he could not apply his proposed method to depreciate the value of the triplex under the federal income tax law.

In addition, Joe provides no authority to support his proposed method of depreciation. Although *Nass, Eagley,* and *Ogard* endorse deductions from an obligor's income based on straightline depreciation of business property or equipment, these cases do not support Joe's theory that an obligor's property basis for purposes of calculating income for child support can differ from the basis used for tax purposes. *See Nass,* 904 P.2d at 416–17; *Eagley,* 849 P.2d at 780–82; *Ogard,* 808 P.2d at 819.

In setting the support obligation, courts are to consider the amount of income available for support, and the amount of money necessary to support the child. *See* Alaska R. Civ. P. 90.3(a). Joe should pay child

support out of his available income; his argument ignores this fundamental proposition.

The problem with permitting a deduction in this case arises in part from the method by which the value of the triplex was calculated. The superior court adopted the appraiser's $80,500 valuation of the triplex. The Hilderbrands did not own the land on which the triplex sits. The land is leased from a third party, and the lease will expire in 2003. The appraiser's valuation represented the present value of the expected rental-income stream over the remainder of the lease, plus the building's salvage value. The court then treated the triplex as if it were owned by Joe from the date of dissolution, and determined that Joe was entitled to a credit for the rental value of the apartment in which Deborah lived following the dissolution decree.

Given the facts of this case, we conclude that the superior court correctly disallowed the depreciation deductions. *See In re Marriage of Gaer,* 476 N.W.2d 324, 326 (Iowa 1991) (adopting the view that the decision to include or exclude depreciation expenses in calculating child support should depend on the circumstances of each case rather than a categorical rule of inclusion as income or deduction as expense). Accordingly, we affirm on this issue.

### D. *Interest Income*

Joe also argues that the superior court failed to calculate interest income on Deborah's receipts from the buy-out. Joe claims that the superior court underestimated Deborah's income by failing to include the interest that she will receive in the future when he finally pays her the money he owes her.

**3.** *See Nass v. Seaton,* 904 P.2d 412, 416–17 (Alaska 1995) (holding that the superior court erred, in determining obligor's adjusted income, by disallowing straightline depreciation for that portion of the residence that obligor used in his machinery business); *Eagley,* 849 P.2d at 781 (allowing a deduction for straightline depreciation of the parent's business real estate as an ordinary and necessary business expense; rejecting argument that Civil Rule 90.3 cmt. III.B categorically disallowed all depreciation of real estate); *see also Ogard,* 808 P.2d at 819 (allowing a deduction for straightline depreciation of business equipment).

**4.** *See, e.g., Lawrence v. Tise,* 107 N.C.App. 140, 419 S.E.2d 176, 181 (1992) (holding that the trial court had discretion to deduct from a parent's monthly gross income the amount of straightline depreciation allowed by the Internal Revenue Code, 26 U.S.C. §§ 167, 168 (1990), for a reasonable allowance for the exhaustion and wear and tear of certain property over its useful life). *See generally* Frank J. Wozniak, Annotation, *Treatment of Depreciation Expenses Claimed for Tax or Accounting Purposes in Determining Ability to Pay Child or Spousal Support,* 28 A.L.R. 5th 46 (1995).

We decline to consider this argument because Joe did not raise it in the superior court. *See, e.g., Doyle v. Doyle,* 815 P.2d 366, 372 (Alaska 1991) (stating that issues raised for the first time on appeal will not be considered by this court). Joe's argument is also problematic on the merits. Joe's approach would convert a cash-basis calculation to an accrual-basis calculation. Moreover, when Deborah receives the interest, it may then be included in her income for purposes of calculating child support under Rule 90.3.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE the child support order and REMAND for a recalculation of Joe's income available for child support without imputing the rental value of the apartment. We AFFIRM on the issues of the depreciation deduction and the exclusion of interest income from Deborah's income.