*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TODD P. WYMAN, | ) | |
| | ) | Supreme Court No. S-16082 |
| Appellant, | ) | |
| | ) | Superior Court No. 1SI-11-00186 CI |
| v. | ) | |
| | ) | O P I N I O N |
| RICHELLE WHITSON, | ) | |
| | ) | No. 7239 – May 4, 2018 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Sitka, David V. George, Judge.

Appearances: Anthony M. Sholty, Faulkner Banfield, P.C., Juneau, for Appellant. Corrie J. Bosman, Law Office of Corrie J. Bosman, Sitka, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

STOWERS, Chief Justice.

## I. INTRODUCTION

Todd Wyman and Richelle Whitson have joint legal custody over their child, and shared physical custody alternating every two years. Each parent has a child support obligation while the child is in the primary custody of the other parent. In the superior court, the parties resolved all aspects of the child support determination but one: whether Wyman could apply tax deductions for amortization of his commercial fishing permits and quota shares to his adjusted income as the basis for calculating his child

support obligation. The superior court found that Wyman's assets were perpetual intangible assets which do not decline in value over time and that Wyman had failed to show that amortization of these assets would reflect an ordinary and necessary cost of income. Thus, the superior court concluded that this amortization was not deductible from Wyman's income.

Wyman appeals, arguing that the superior court erred in not allowing the amortization deduction in light of our prior decisions allowing similar deductions for depreciation expenses. We conclude, however, that because Wyman's fishing permits and quota shares are perpetual assets with an indefinite useful life, amortization of these assets does not reflect an ordinary and necessary cost of producing income and is not deductible from income for child support purposes. We therefore affirm the superior court's child support order. However, we limit our holding to perpetual intangible assets similar to those in this case and do not address the question whether amortization of an intangible asset with a finite useful life can be deductible as an ordinary and necessary cost of income.

## II. FACTS AND PROCEEDINGS

### A. Facts

Todd Wyman is a self-employed commercial fisherman. As part of his business he owns several fishing permits and individual fishing quota (IFQ) shares. Each year Wyman makes a deduction on his federal income tax return for amortization of these intangible assets.

Wyman and Richelle Whitson had a child in 2008. Wyman and Whitson separated in 2010. After separating, the parties negotiated a written custody and support agreement which was incorporated into a Child Custody and Child Support Order by the superior court in Sitka in October 2011. In March 2013, the parties notified the court that Whitson would be moving to Alabama with her husband in July of that year and

Wyman sought to modify the custody order. The parties stipulated, and the court concluded, that Whitson's move constituted a substantial change of circumstances requiring a custody modification.

## B. Proceedings

After hearings in May and June 2013, the court granted primary custody to Whitson from July 2013 to July 2016, with custody alternating every two years thereafter. The court ordered both parties to pay child support, to be calculated based on the primary custody formula of Alaska Civil Rule 90.3,[1] with each parent as the obligor while the child is in the custody of the other parent. A dispute arose regarding how to calculate Wyman's income for child support purposes; at a hearing in April 2015, the parties advised the court they had resolved all of their disagreements but one. The remaining issue was whether Wyman could apply substantial tax deductions for amortization of his commercial fishing permits and quota shares — ranging from $22,142 in 2012 to $26,133 in 2014 — to his income for purposes of calculating child support. Wyman argued that the deductions should be allowed, asserting that they reflect "ordinary and necessary expenses required to produce the income" as described in the commentary to Rule 90.3. He also argued that the amortization deductions he sought "are no different than depreciation deductions" permissible under our decision in *Eagley v. Eagley*.[2]

---

[1] Rule 90.3 provides that child support shall be calculated as a specified percentage of the non-custodial parent's adjusted annual income. Alaska R. Civ. P. 90.3(a). In the case of self-employment income, the commentary to Rule 90.3 defines income as "gross receipts minus the ordinary and necessary expenses required to produce the income." Alaska R. Civ. P. 90.3 cmt. III.B.

[2] 849 P.2d 777, 781 (Alaska 1993).

The superior court concluded that amortization of intangible assets is not deductible for child support purposes because it does not reflect a cost at all:

> Amortization derives from the capital cost of an intangible asset such as a permit or IFQ. Depreciation reflects a decline in usefulness (value) of a tangible asset that must eventually be replaced. In actuality, the annual deduction for depreciation of a tangible item reflects a budgeted allocation of capital for a future expenditure — the replacement of the tangible asset at the end of its useful life.

> Unlike depreciation, there is no inherent loss in usefulness or value of an intangible asset over time. There is no inherent need to replace an intangible asset in the future, as is the case with a tangible one. The rights conferred are perpetual, though potentially volatile, in nature. The useful value of a limited entry permit or IFQ today, does not depend on how many years have passed since it was issued. The permit or IFQ is intangible and does not "wear out." Consequently, no annual allocation of capital is necessary to preserve the asset and no deduction for the annual allocation of capital justified.

On that basis, the court held that Wyman "failed to prove that amortization reflects an ordinary and necessary cost of income" and ordered him to recalculate his income without the deduction. Wyman appeals.

## III. STANDARD OF REVIEW

"The proper method of calculating child support is a question of law, which we review de novo, adopting the rule of law that is most persuasive in light of precedent, reason, and policy."[3] "Whether the superior court applied the correct legal standard to

---

[3]     *Swaney v. Granger*, 297 P.3d 132, 136 (Alaska 2013) (citing *Faulkner v. Goldfuss*, 46 P.3d 993, 996 (Alaska 2002)).

its child support determination is a question of law that we review de novo."[4] "[I]nterpretation of the civil rules presents a question of law that we review de novo."[5] "We review the superior court's factual findings regarding a party's income for purposes of calculating child support for clear error."[6] A finding is clearly erroneous when our review of the entire record leaves us with a definite and firm conviction that a mistake has been made.[7]

## IV. DISCUSSION

### A. The Parties Do Not Contest The Superior Court's Finding That Fishing Permits And Quota Shares Are Perpetual Assets.

The superior court denied Wyman's amortization deductions based on its finding that intangible assets like fishing permits and quota shares are "perpetual," do not decline in value over time, and do not "wear out." Neither party challenges this finding. Both in the superior court and on appeal, Wyman concedes that his assets do not inherently lose value over time, and argues only that this is not legally relevant. Therefore, we consider it established that Wyman's fishing permits and quota shares are perpetual assets.

That said, the superior court's description of intangible assets is too broad. It characterizes the perpetual nature of fishing permits and quota shares as common to

---

[4] *Limeres v. Limeres*, 320 P.3d 291, 295 (Alaska 2014) (citing *Koller v. Reft*, 71 P.3d 800, 804 (Alaska 2003)).

[5] *Wolff v. Cunningham*, 187 P.3d 479, 482 (Alaska 2008) (citing *Miller v. Clough*, 165 P.3d 594, 599 n.8 (Alaska 2007)).

[6] *Limeres*, 320 P.3d at 295 (citing *Koller*, 71 P.3d at 804); *see also Swaney*, 297 P.3d at 136.

[7] *Ronny M. v. Nanette H.*, 303 P.3d 392, 399 (Alaska 2013) (quoting *Fardig v. Fardig*, 56 P.3d 9, 11 (2002)).

all intangible assets, and thus as a distinguishing factor between depreciation and amortization generally. This is not entirely accurate. Some intangible assets — such as patents, copyrights, and many contractual rights — expire after a certain amount of time, and thus will gradually lose value as a business asset just as tangible assets do.[8] However, because these assets are intangible, the term "amortization" rather than "depreciation" is still used to account for this gradual decline.[9] It would be clearly erroneous to find, for example, that a patent is "perpetual" and that its value "does not depend on how many years have passed since it was issued." Under current patent law, a U.S. patent has a strict lifespan of 20 years from the date it was filed,[10] so that patent will almost certainly decline in value as the expiration date draws closer and will be entirely worthless after 20 years have passed. As such, we limit the superior court's finding, and the conclusions of law that follow therefrom, to the types of assets in question here.

**B.** **The Superior Court Did Not Err In Concluding That Amortization Of Perpetual Assets Is Non-Deductible From Income For Child Support Purposes As A Matter Of Law.**

Civil Rule 90.3 provides that child support shall be calculated as a specified percentage of "the adjusted annual income of the non-custodial parent."[11] In the case of self-employment income, the commentary to Civil Rule 90.3 defines income as "gross

---

[8] *See* CHARLES H. MEYER, ACCOUNTING AND FINANCE FOR LAWYERS IN A NUTSHELL 189, 194 (6th ed. 2017).

[9] In fact, outside of tax accounting, amortization generally applies only to limited-life intangible assets, as perpetual assets are neither amortized nor depreciated. *See id.* at 195; 1 JAN R. WILLIAMS ET AL., 2017 GAAP GUIDE 24,012-13 (2016).

[10] 35 U.S.C. § 154(a)(2) (2012).

[11] Alaska R. Civ. P. 90.3(a).

receipts minus the ordinary and necessary expenses required to produce the income" but notes that "[o]rdinary and necessary expenses do not include amounts allowable by the IRS for the accelerated component of depreciation expenses, investment tax credits, or any other business expenses determined by the court to be inappropriate."[12]  Wyman argues that because (1) his amortization deductions are permissible for income tax purposes, (2) amortization is "closely related" to depreciation, and (3) we have on several occasions allowed deductions for straight-line depreciation, deductions for amortization should also be permitted.  He argues that, like depreciation, amortization accounts for the cost of "capital assets necessary to produce business income," so amortization deductions reflect an "ordinary and necessary business expense."

Responding to the superior court's conclusion that there is "no inherent loss in usefulness or value of an intangible asset over time" and "no inherent need to replace an intangible asset in the future," and that "no annual allocation of capital is necessary to preserve the asset,"  Wyman points out that the same objections can be made for depreciation of business real estate, which "does not inherently lose value over time" and "may not wear out or need to be replaced."  Thus, he argues, "[t]here is no meaningful difference for child support purposes between the amortization of fishing permits and quota shares and the straightline depreciation of business real estate."  Because we have on several occasions allowed depreciation deductions from income for child support

---

[12]     Alaska R. Civ. P. 90.3 cmt. III.B.  Although we have not officially adopted or approved the commentary to Rule 90.3, we have frequently relied on it for guidance.  *See Caldwell v. State, Dep't of Revenue, Child Support Enf't Div.*, 105 P.3d 570, 573 n.6 (Alaska 2005) (citing *Eagley v. Eagley*, 849 P.2d 777, 779 (Alaska 1993)); *Dewey v. Dewey*, 969 P.2d 1154, 1158 (Alaska 1999); *Marine v. Marine*, 957 P.2d 314, 316 & n.5 (Alaska 1998); *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991).  However, we have not always followed the commentary's guidance.  *See Eagley*, 849 P.2d at 781 (rejecting commentary treatment of real estate depreciation).

purposes,[13] Wyman argues the same deductions should be available for amortization of his fishing permits and quota shares. For the reasons discussed below, we disagree.

1. **Deductions are not automatically permitted for child support purposes merely because they are allowed by the IRS.**

Wyman's proposed deduction is based on a tax deduction for amortization of intangible assets contained in the Internal Revenue Code.[14] Wyman argues that "expenses shown on the parent's tax return are evidence that the expenses were actually incurred and were ordinary and necessary." Wyman concedes, however, that a claimed expense being listed on the parent's tax return is "not dispositive."

We have previously expressed skepticism toward using tax returns as an accurate account of income. In *Neilson v. Neilson*, we acknowledged that a tax return serves as evidence that an expense was in fact incurred and "*may* support a parent's claim that a given expense is ordinary and necessary."[15] However, we also noted that "this court . . . has refrained from adopting a bright line test that all expenses recognized by the IRS are similarly recognized under Rule 90.3."[16] Rather, "the determinative factor . . . is whether it is an 'ordinary and necessary expense[] required to produce the income' and whether the allowance of such an expense would defeat the goals of Civil Rule 90.3."[17] We cautioned that despite "significant overlap," a parent's tax return may not "serve as a proxy for the necessary determination of whether a claimed expense was

---

[13]     *See, e.g.*, *Faulkner v. Goldfuss*, 46 P.3d 993, 997 (Alaska 2002); *Nass v. Seaton*, 904 P.2d 412, 417 (Alaska 1995); *Eagley*, 849 P.2d at 781.

[14]     *See* 26 U.S.C. § 197(a), (d)(1)(D) (2012).

[15]     914 P.2d 1268, 1274 (Alaska 1996) (emphasis added).

[16]     *Id.* at 1273.

[17]     *Id.* at 1274 (alteration in original).

ordinary and necessary."[18] Similarly, the commentary to Rule 90.3 expressly states that not all deductions "allowable by the IRS" can be considered "ordinary and necessary expenses."[19] On several occasions, we have denied deductions for purposes of Rule 90.3 that would be allowed by the IRS.[20]

Accordingly, we treat Wyman's tax returns only as factual evidence as to the amount he could potentially deduct — which is not contested in this case — but give them little weight on the question whether those deductions are permissible as a matter of law.

2.     **Alaska case law recognizes depreciation as an "ordinary and necessary expense" because it reflects a "real" cost, which Wyman's amortization deductions do not.**

Whether amortization is deductible from income for purposes of calculating child support is a question of first impression in Alaska. However, we have previously considered whether to permit deductions for depreciation. As amortization and depreciation are related — though distinct — concepts, and because Wyman insists that the two should be treated the same for child support purposes, Alaska case law on depreciation deductions is instructive. The seminal case, and the keystone of Wyman's argument, is *Eagley v. Eagley*.[21] In *Eagley*, the appellant was a self-employed restaurant owner who sought to deduct almost $40,000 in real estate depreciation from his income

---

[18]     *Id.*

[19]     Alaska R. Civ. P. 90.3 cmt. III.B.

[20]     *See, e.g.*, *Faulkner v. Goldfuss*, 46 P.3d 993, 998 (Alaska 2002) (rejecting deduction for tax-deductible "net operating losses"); *Zimin v. Zimin*, 837 P.2d 118, 122-23 (Alaska 1992) (rejecting deduction for tax-deductible deposit in a "Capital Construction Fund").

[21]     849 P.2d 777 (Alaska 1993).

for purposes of calculating child support.[22]  The superior court denied the deduction, relying on the commentary to Rule 90.3, which at the time stated, in relevant part, that "[o]rdinary and necessary expenses do not include amounts allowable by the IRS for the accelerated component of depreciation expenses, [and] depreciation of real estate."[23]  The court also noted that "in many cases depreciation as a tax incentive is more generous in 'protecting' income than experience might demonstrate necessary."[24]  On appeal, we expressed agreement with the commentary's rejection of accelerated depreciation, but we were "not persuaded [by] the [c]ommentary's categorical disallowance of all 'depreciation of real estate.' "[25]  Our decision in *Eagley* was based on our prior holding in *Ogard v. Ogard* that "[d]epreciation is a means of reflecting on an annual basis the costs of capital equipment" and that "[s]uch costs are real and should not be disregarded unless it appears that equipment was acquired in order to avoid or reduce the obligor's child support obligation."[26]  Following our reasoning in *Ogard*, we held in *Eagley* that there was "no rational reason for disallowing straightline depreciation of buildings, fixtures, and other improvements, yet allowing such depreciation costs for business equipment."[27]

---

[22]     *Id.* at 778, 780.

[23]     *Id.* at 780 (citing former Alaska R. Civ. P. 90.3 cmt. III.B (1992)).  The commentary has since been amended to omit the reference to real estate depreciation, reflecting our decision in *Eagley*.

[24]     *Id.*

[25]     *Id.* at 781.

[26]     *Id.* (quoting *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991)).

[27]     *Id.*

Wyman characterizes this rejection of the commentary as allowing a deduction for depreciation of business real estate "even though business real estate may not decline in value over time" and argues that "amortization should be allowed for the same reasons business real estate depreciation is allowed." This is a mischaracterization of our decision in *Eagley*. In *Eagley*, we explicitly focused on "depreciation of buildings, fixtures, and other improvements," which we considered equivalent to other business equipment; we did not focus on depreciation of real estate or land in general.[28] Although a parcel of land may increase rather than decrease in value, any building, fixture, or improvement on the land will necessarily degrade over time; it is this reduction in value that depreciation aims to capture. The same distinction is made by the IRS, which allows depreciation for both business equipment and buildings, but not for land.[29] This aspect of depreciation is reflected in *Ogard*'s description (which we quoted in *Eagley*) of depreciation as a "real" cost.[30] Similarly, our decision in *Eagley* cited the Delaware Supreme Court's decision in *Turner v. Turner*, which explained that "[t]he concept of depreciation, as an expense, is a recognition of the fact that certain fixed assets, which are used in business, wear out gradually and will eventually need to be replaced."[31] In subsequent cases following *Eagley* and *Ogard*, we applied the same reasoning: recognizing depreciation as a "real" cost of business, we permitted

---

[28]    *Id.*

[29]    I.R.S. Pub. 946, How to Depreciate Property, at 4 (Feb. 28, 2018), https://www.irs.gov/pub/irs-pdf/p946.pdf ("You can depreciate most types of tangible property (except land), such as buildings, machinery, vehicles, furniture, and equipment."); *id.* at 6 ("You cannot depreciate the cost of land because land does not wear out, become obsolete, or get used up.").

[30]    *Eagley*, 849 P.2d at 781 (quoting *Ogard*, 808 P.2d at 819).

[31]    *Id.* at 780 n.3 (citing *Turner v. Turner*, 586 A.2d 1182, 1187 (Del. 1991)).

depreciation deductions from income for child support purposes so long as the deduction in question was demonstrated to reflect an ordinary and necessary business expense.[32] However, where a particular depreciation deduction is not shown to reflect a real cost to the obligor's business, the deduction will not be allowed.[33]

We faced a similar issue in *Zimin v. Zimin*.[34] In that case the appellant sought to deduct a deposit of almost $26,000 in a Capital Construction Fund from his adjusted income for child support purposes.[35] Under federal law, certain amounts per year deposited in such a fund, to be used for construction or reconstruction of American vessels, are deductible from taxable income.[36] The trial court denied a deduction for the deposit.[37] On appeal, we affirmed the trial court's ruling, noting that "the goal [of Civil Rule 90.3] is to obtain a realistic estimate of an obligor's adjusted annual income" and that to allow the proposed deduction, albeit one allowed by the IRS, "would severely understate [the appellant's] most current income figures."[38] In short, Alaska law does not, as Wyman argues, allow a deduction for depreciation of real estate merely despite

---

[32]    *Neilson v. Neilson*, 914 P.2d 1268, 1274-75 (Alaska 1996) (citing *Ogard*, 808 P.2d at 819; *Eagley*, 849 P.2d at 781); *see also Hilderbrand v. Hilderbrand*, 962 P.2d 887, 889 (Alaska 1998) ("Depreciation is used to account for the 'decline in value of property caused by wear or obsolescence . . . .' " (quoting *Depreciation*, BLACKS'S LAW DICTIONARY (6th ed. 1990))).

[33]    *Hilderbrand*, 962 P.2d at 890 ("Given the facts of this case, we conclude that the superior court correctly disallowed the depreciation deductions.")

[34]    837 P.2d 118 (Alaska 1992).

[35]    *Id.* at 120.

[36]    *Id.* at 120 n.2; *see also* 26 U.S.C. § 7518 (2012).

[37]    *Zimin*, 837 P.2d at 121-23.

[38]    *Id.* at 123.

the fact that real estate may increase in value. Rather, our decisions have explained that we allow such deductions because we recognize that real estate depreciation reflects a real cost.

In this case, Wyman proposes to apply the tax deductions for amortization of fishing permits and quota shares as deductions from his income for child support purposes. As the superior court determined, these permits and shares are perpetual: they do not expire, do not "wear out," and require no capital to preserve. As with a tangible depreciable asset, Wyman may have had some initial investment cost in acquiring the licences and shares. However, because the permits and shares are intangible and perpetual, there is no ongoing loss in value for the amortization deduction to reflect. If Wyman were to resell his permits and quota shares, it would be irrelevant to the sale price how long ago Wyman obtained them; the same would not be the case for tangible assets such as Wyman's fishing equipment. In this respect, Wyman's investment in quota shares more closely resembles the Capital Construction Fund in *Zimin*: both the purchase of a quota share or fishing permit and a deposit into a Capital Construction Fund require an initial payment that reduces a business's cash reserves, but both provide the business with a tax-deductible capital asset that does not decrease in value over time and that can be redeemed for cash at any time, although doing so forgoes the tax benefit.

Wyman argues that because his permits and quota shares, just like business real estate, are "capital assets necessary to produce business income . . . [t]here is no meaningful difference" between amortization of his permits and shares and depreciation of tangible assets. It is not disputed that fishing permits and quota shares are necessary to produce income as a commercial fisherman. However, for an expense to be deductible, it is not enough that it relates to an ordinary and necessary asset; it must itself be an ordinary and necessary expense. As we have repeatedly held, depreciation

expenses are not deductible merely because the underlying asset is necessary to produce income, but because depreciation itself represents a real, tangible, and necessary cost.[39]

Ultimately, "courts are to consider the amount of income available for support, and the amount of money necessary to support the child."[40] Because Wyman's tax deductions for amortization do not reflect actual costs, they are not equivalent to the deductions made permissible under *Ogard* and *Eagley*. The deductions do not reflect "ordinary and necessary expenses required to produce . . . income" because the deductions do not represent an expense at all. Thus, the amortization deductions do not reflect a reduction in the amount of income available for support. As an aside, we note that because Wyman can deduct amortization from his taxable income, thus reducing his tax liability, his net income is higher — not lower — than it would be if he were producing the same gross revenue without having invested in permits and quota shares.

In response to an argument by Whitson that amortization should not be deductible because it does not reflect an actual cash expense, Wyman points to cases from Illinois, Missouri, and Ohio, each "recogniz[ing] the non-cash nature of depreciation." He argues that because "both amortization expense and depreciation expense are non-cash items," there is no distinction that might support allowing depreciation deductions but not amortization deductions. Again, we disagree. The out-of-state cases Wyman points to are inapplicable here. In each of those cases, the court held that depreciation was not deductible because it did not reflect an actual cash

---

[39] *Hilderbrand v. Hilderbrand*, 962 P.2d 887, 889 (Alaska 1998); *Neilson v. Neilson*, 914 P.2d 1268, 1273 (Alaska 1996); *Eagley v. Eagley*, 849 P.2d 777, 781 (Alaska 1993); *Ogard v. Ogard*, 808 P.2d 815, 819 (Alaska 1991).

[40] *Hilderbrand*, 962 P.2d at 890.

expense.[41] But the non-cash nature of depreciation is irrelevant to Alaska law. While states like Missouri, Illinois, and Ohio reject deductions for depreciation because it is not a cash expense — and would presumably reject amortization deductions for the same reason — Alaska has taken a different approach.[42] We have recognized that depreciation reflects a decline in value of business assets over time and that "[s]uch costs are real and should not be disregarded."[43] As discussed above, the same is not the case for Wyman's amortization deductions. Although Alaska has taken a more permissive view of depreciation deductions than other states, it does not follow that we must extend that approach to allow Wyman's amortization deductions, when doing so would conflict with the original rationale for allowing depreciation deductions.

In short, several other states disallow deductions for depreciation because it is not a cash expense; Alaska allows such deductions because it recognizes that

---

**41**     *See In re Marriage of Sweet*, 735 N.E.2d 1037, 1044 (Ill. App. 2000) ("Although the deduction [for depreciation] may have been proper for tax purposes, it represents additional funds available to respondent."); *Blevins v. Blevins*, 249 S.W.3d 871, 873-74 (Mo. App. 2008) (finding that depreciation "renders the income listed on the parent's individual tax return as not representative of the true amount of cash or benefit available to the parent"); *Kamm v. Kamm*, 616 N.E.2d 900, 902 (Ohio 1993) (citing Ohio Rev. Code § 3113.215(A)(4), which excludes depreciation from its definition of "ordinary and necessary expenses" as a "noncash item[]").

**42**     In *Asfaw v. Woldberhan*, the California Court of Appeal noted that states have taken three different approaches to the problem of depreciation in the child support context: some, like Missouri, Illinois, and Ohio, disallow depreciation deductions as a non-cash expense; others, like Florida, follow Alaska's approach that depreciation reflects a real cost of producing income; others again, like Delaware, determine the deductibility of depreciation on a case-by-case basis. 55 Cal. Rptr. 3d 323, 333-35 (Cal. App. 2007).

**43**     *Eagley*, 849 P.2d at 781 (quoting *Ogard*, 808 P.2d at 819); *see also Hilderbrand*, 962 P.2d at 889; *Neilson*, 914 P.2d at 1273.

depreciation reflects a real decline in an asset's value and a real cost of producing income. Wyman's tax deductions for amortization do not reflect either a cash expense or a decline in the value of an asset, which distinguishes them from depreciation deductions for purposes of Alaska law. Accordingly, a faithful application of our prior decisions and the policy underlying them points to the conclusion that Wyman's amortization should not be deductible from income under Rule 90.3. This is also consistent with the policy underlying the law in other states which — although they may diverge from Alaska's treatment of depreciation deductions — would likely also disallow amortization deductions.

### 3. Under generally accepted accounting principles, no deduction from income is made for amortization of perpetual intangible assets.

The crux of this dispute is whether Wyman should be allowed to make the same amortization deduction from his income for child support purposes as the Internal Revenue Code allows him to make for income tax purposes. However, because income tax accounting is a hybrid of financial record-keeping and the economic policy of the federal government, we have repeatedly noted that tax accounting does not give an accurate picture of a parent's income in the child support context.[44] Rather, the

---

[44] *See, e.g.*, *Neilson*, 914 P.2d at 1273 ("[T]his court . . . has refrained from adopting a bright line test that all expenses recognized by the IRS are similarly recognized by Rule 90.3 . . . ."); *Eagley*, 849 P.2d at 780 (quoting the superior court's finding that "in many cases depreciation as a tax incentive is more generous in 'protecting' income than experience might demonstrate necessary"); *Zimin v. Zimin*, 837 P.2d 118, 123 (Alaska 1992) ("[C]ertain amounts the IRS permits a taxpayer to deduct from income . . . should not be deducted from the obligor's income when calculating child support. . . . To hold otherwise would severely understate [the obligor's] most current income figures."); *Ogard*, 808 P.2d at 819 ("[W]e acknowledge the [superior] court's concern regarding the accuracy of an income tax return as a reflection of true income . . . ."); *see also* Alaska R. Civ. P. 90.3 cmt. III.B ("Ordinary and necessary
(continued...)

accounting rules for child support purposes should aim to "obtain a realistic estimate of an obligor's adjusted annual income."[45] For this reason the norms of the financial accounting profession, as reflected in generally accepted accounting principles (GAAP), may be instructive.

Outside of the income tax context, the amortization deductions that Wyman proposes to make would generally be inappropriate. Under GAAP, the proper way to account for an intangible asset, such as a patent, a trademark, or a fishing permit, depends on its useful life — the period of time during which the asset is likely to contribute to future cash flows.[46] Assets with a finite useful life (such as patents, which expire 20 years after the filing date) have their cost amortized over their life span.[47] However, if an intangible asset has an indefinite useful life, it is not amortized at all and is subject to expense deductions only when an "impairment" — a reduction in the asset's value — can be shown.[48]

---

[44]     (...continued)
expenses do not include [certain] amounts allowable by the IRS . . . ."). *See generally* MEYER, *supra* note 8, at 60-61 (distinguishing between tax accounting and general financial accounting, and noting that "[m]any of the rules adopted for income tax accounting are inappropriate for financial accounting purposes").

[45]     *Zimin*, 837 P.2d at 123.

[46]     ACCOUNTING STANDARDS CODIFICATION 350-30-35-1 to -2 (Fin. Accounting Standards Bd. 2017).

[47]     ASC 350-30-35-6; WILLIAMS ET AL., *supra* note 9, at 24,013.

[48]     ASC 350-30-35-15 to -20; WILLIAMS ET AL., *supra* note 9, at 24,013. We do not now need to resolve the question whether this impairment might be deductible as an ordinary and necessary expense required to produce income for child support purposes, and we do not address it.

In this case Wyman's proposed deductions are for amortization of various fishing permits and quota shares. Both parties concede and the superior court found that these assets are perpetual; they do not expire, do not "wear out," and require no capital to preserve. Thus, the period of time during which they are useful to Wyman's fishing business is indefinite. Therefore, although the IRS allows Wyman to deduct this "amortization" from his taxable income, GAAP would not allow him to amortize these assets for purposes of non-tax financial accounting.[49]

## V. CONCLUSION

Because Wyman's fishing permits and quota shares are perpetual intangible assets with an indefinite useful life, we conclude that amortization of these assets does not reflect an ordinary and necessary cost of producing income. Therefore, this amortization may not be deducted from income for child support purposes under Rule 90.3. Accordingly, the superior court's child support order is AFFIRMED. However, we limit our holding to perpetual assets like those presented here, and do not address the question of whether an amortization deduction might be permissible for intangible assets that are shown to have a limited useful life.

---

[49] To clarify the point: if Wyman's fishing business were incorporated and required to file financial statements with the Securities and Exchange Commission, it could not deduct amortization for the fishing permits and quota shares from its annual income statement. Rather, the permits and shares would be listed as assets on the business's balance sheet, subject to deductions for impairment. The fact that the IRS allows amortization deductions for these perpetual assets is a deviation from GAAP.